IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL D. REAP,                )
                                )
            Plaintiff,           )
                                )
    v.                          )       1:16CV1139
                                )
NANCY A. BERRYHILL,              )
Acting Commissioner of           )
Social Security,                )
                                )
            Defendant.           )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Plaintiff, Michael D. Reap brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The court has before it the certified administrative record[1] and cross-motions for judgment, and this matter is now ripe for adjudication. After a careful consideration of the evidence of record, the Decision of

---

[1] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer. (Doc. 8.)

the Administrative Law Judge ("ALJ"), and the governing legal standard, this court finds that remand is proper.

## I. BACKGROUND

Plaintiff filed applications for DIB and SSI in January of 2012 alleging a disability onset date of December 31, 2005. (Tr. at 470-82.) The applications were denied initially and again upon reconsideration. (Id. at 394-411, 419-36.) After an evidentiary hearing, the ALJ determined on August 14, 2014, that Plaintiff was not disabled under the Act. (Id. at 272-95.)

Specifically, the ALJ concluded that (1) Plaintiff had not engaged in substantial gainful activity during the relevant period; (2) his severe impairments included degenerative joint disease, degenerative disc disease, obesity, hypertension, mood disorder, anxiety disorder, and history of substance abuse and dependence; (3) he did not meet or equal a listed impairment; (4) he could perform light work, but would also need a sit/stand option on an occasional basis; he could only occasionally climb balance, stoop, crouch, kneel, or crawl; he should have no concentrated exposure to hazards such as moving machinery or unprotected heights; he is further limited to unskilled work in a job with no more than occasional public contact in a work environment with a non-productive pace; and (5) he was able to perform his past relevant work, and there were, in the

alternative, also jobs he could perform. (Tr. at 277-90.) Plaintiff requested that the Appeals Council review the ALJ's decision and the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision for purposes of review. (Id. at 1-6.)

**II.   LEGAL STANDARD**

Federal law authorizes judicial review of the Commissioner's denial of social security benefits. 42 U.S.C. § 405(g); Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, the scope of review of such a decision is "extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270

F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472 (internal brackets and quotation marks omitted).

In undertaking this limited review, this court notes that "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [his] past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at the first two steps, and if the claimant's impairment meets or equals a "listed impairment" at step three, "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe

-5-

to equal or exceed a listed impairment," then "the ALJ must assess the claimant's residual functional capacity ('RFC')." Id. at 179.[2]

Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the [Government] to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its

---

[2] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines v. Barnhart, 453 F.3d 559, 562 (4th Cir. 2006) (citation omitted). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall v. Harris, 658 F.2d 260, 265 (4th Cir. 1981). "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63.

"evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.[3]

**III. ANALYSIS**

In pertinent part, Plaintiff contends that the Appeals Council materially erred here in its analysis of a Medicaid decision issued by the North Carolina Department of Health and Human Services ("NCDHHS") finding Plaintiff disabled and entitled to Medicaid as of May 2014. (Pl.'s Mem. in Supp. of Mot. for J. Reversing or Modifying the Decision of the Commissioner of Social Security, or Remanding the Cause for a Hearing (Doc. 11) at 3.)

    A.    **The NCDHHS Medicaid Decision Requires Remand**

Under the regulations, disability decisions by other governmental agencies are not binding on the SSA. 20 C.F.R. §§ 404.1504, 416.904. Nevertheless, such disability determinations are "entitled to consideration by the Secretary." DeLoatche v. Heckler, 715 F.2d 148, 150 n.1 (4th Cir. 1983); Watson v. Astrue, No. 5:08-CV-553-FL, 2009 WL 2423967, at *2

---

[3] A claimant thus can qualify as disabled via two paths through the five-step sequential evaluation process. The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five.

(E.D.N.C. Aug. 6, 2009) (unpublished). Social Security Ruling ("SSR") 06-03p identifies Medicaid decisions as "other-agency evidence" and specifies that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." SSR 06-03p, 2006 WL 2329939, at *7 (Aug. 9, 2006).[4]

Moreover, in Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012), the Fourth Circuit held that although another agency's "decision is not binding on the SSA. . . . [U]nder the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." (Id.) (internal citation and quotation

---

[4] The court notes that for claims filed after March 27, 2017, this regulation has been amended and Social Security Ruling 06-03p has been rescinded. The new regulation provides that the Social Security Administration "will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 416.904; 82 Fed. Reg. 5844, 5845 (Jan. 18, 2017). The claims in the present case were filed before March 27, 2017, and the court has therefore analyzed Plaintiff's claims pursuant to the guidance set out above. See, e.g., Barroso v. Berryhill, No. 1:16CV1224, 2018 WL 1115725, at *3 n.5 (M.D.N.C. Feb. 27, 2018) (unpublished) (noting that SSR 06-03p has been rescinded but only for those claims filed after March 27, 2017) (citations, quotations omitted), Report and Recommendation adopted by 1:16CV1224, Judgment (M.D.N.C. Mar. 14, 2018).

marks omitted). The Fourth Circuit reasoned that the disability assessments of other agencies serve the same governmental purpose of providing benefits to persons unable to work, evaluating a claimant's ability to perform full-time work, analyzing a claimant's functional limitations, and requiring extensive medical documentation to support the claims. Id.

Consequently, to satisfy SSR 06-03p and Bird, an adjudicator must meaningfully articulate how substantial evidence supports a conclusion that the disability determination of another agency is entitled to limited or no weight. See Bird, 699 F.3d at 343; Adams v. Colvin, No. 5:14-CV-689-KS, 2016 WL 697138, at *4 (E.D.N.C. Feb. 22, 2016) (unpublished) (SSR 06-03p requirement not met where ALJ failed to explain the consideration given to claimant's Medicaid disability finding in the RFC); Hildreth v. Colvin, No. 1:14CV660, 2015 WL 5577430, at *4 (M.D.N.C. Sept. 22, 2015) (unpublished) (finding ALJ committed reversible error when failing to adequately explain why claimant's VA rating was given less than substantial weight); Allen v. Colvin, No. 2:12-CV-29-FL, 2013 WL 3983984 (E.D.N.C. Aug. 1, 2013) (unpublished) (remand required where Commissioner did not indicate weight given to Medicaid determination).

Here, after the ALJ's August 14, 2014 decision, but prior to the Appeals Council's July 15, 2016 denial of Plaintiff's request for further review, Plaintiff submitted to the Appeals Council a favorable Medicaid decision, dated January 12, 2015, from the NCDHHS. (Tr. at 1, 290, 264, 573.) It indicated that Plaintiff met the disability requirements (i.e., "20 CFR 416.920(d), Appendix 1, Listing 1.02") as of May, 2014, which was a few months before the ALJ rendered his decision in this case on August 14, 2014. (Tr. at 572-73, 290.) The Appeal's Council "considered" the NCDHHS decision but found that it "does not provide a basis for changing the Administrative Law Judge's decision." (Tr. at 262, 264.)

The court agrees with Plaintiff that, at least in this case, the Appeals Council was required to do more than this. As an initial matter, it is important to note that the Appeals Council has no general regulatory duty to explain its reasoning when denying review of an ALJ decision. Meyer v. Astrue, 662 F.3d 700, 706 (4th Cir. 2011). Nevertheless, this court must still be able to tell whether the ALJ's decision was based upon substantial evidence. Id. at 707. This is because "assessing the probative value of competing evidence is quintessentially the role of the fact finder and this Court is not authorized to undertake the analysis in the first instance." Wilson-Coleman v.

Colvin, No. 1:11CV726, 2013 WL 6018780, at *6 (M.D.N.C. Nov. 12, 2013) (unpublished) (citing Meyer, 662 F.3d at 706).

Here, there is unreconciled and material evidence in the form of a favorable NCDHHS disability determination applying the same rules and regulations applicable in this case. It is impossible to tell whether the ALJ's (and the Appeal's Council's) decision is based on substantial evidence. This is because the record lacks an adequate explanation of the weight attributed to the NCDHHS decision. While there is some debate among the courts with respect to the extent of analysis due other agency disability determinations,[5] the court finds

---

[5] See, e.g., McNeal v. Berryhill, No. 4:17-CV-8-D, 2018 WL 774462, at *3 (E.D.N.C. Jan. 23, 2018) (unpublished), Report and Recommendation adopted by 2018 WL 770184 (E.D.N.C. Feb. 7, 2018) (unpublished); Lindsay v. Colvin, Civil Action No. 1:15-CV-013-GCM-DCK, 2016 WL 3519891, at *4 (W.D.N.C. Mar. 25, 2016) (unpublished), Report and Recommendation adopted by 2016 WL 3514117 (W.D.N.C. June 27, 2016), remanded, No. 16-1988 (4th Cir. Oct. 18, 2016), rev'd, 1:15-CV-013-GCM-DCK, Order (W.D.N.C. Dec. 21, 2016).

persuasive those cases[6] concluding that a remand is appropriate in these circumstances under the governing law discussed above.

---

[6] See, e.g., Dobbin v. Colvin, No. 1:13CV558, 2016 WL 4250338, at *4 (M.D.N.C. Aug. 10, 2016) (unpublished) ("It is impossible to tell whether the ALJ's decision and the Appeals Council's review are based on substantial evidence because the record lacks an adequate explanation of the weight attributed to the NCDHHS decision."); Best v. Colvin, No. 4:13-CV-231-D, 2015 WL 400560, at *6 (E.D.N.C. Jan. 28, 2015) (unpublished) ("The Appeals Council, in denying review, indicates that 'the additional evidence listed on the enclosed Order of Appeals Council' was considered, which includes the DIPNC decision and supporting documents, but fails to explain the consideration given. (R. 2, 6). The failure of the Commissioner to examine and explain the consideration given the DIPNC disability determination requires remand."); Williams v. Colvin, No. 4:14-CV-40-FL, 2015 WL 73818, at *6 (E.D.N.C. Jan. 6, 2015) (unpublished) ("While the Appeals Council admitted the NCDHHS decision into evidence, the ALJ did not have the benefit of this material information at the time of his decision and the Appeals Council made no findings with regard to this newly admitted evidence in its order denying review."); Whittington v. Colvin, No. 5:13-CV-243-FL, 2014 WL 3818302, at *8 (E.D.N.C. July 15, 2014) (unpublished), Report and Recommendation adopted by 2014 WL 3828169 (E.D.N.C. Aug. 4, 2014) (unpublished); Allen, 2013 WL 3983984, at *2 ("In this case, the ALJ did not consider the NCDHHS Medicaid Determination because it was presented to defendant initially upon review of the ALJ's determination by the AC. R. 8. The AC gave no indication as to what weight it accorded the NCDHHS Medicaid Determination, which listed several impairments in addition to the chronic low back pain found by the ALJ. R. 336–37. Thus, the court must remand to defendant to give appropriate consideration to the NCDHHS Medicaid Determination." (citing Bird, 699 F.3d at 346).); Herbert v. Colvin, No. 4:12-CV-141-D, 2013 WL 3776276, at *6 (E.D.N.C. July 17, 2013) (unpublished) ("[T]he absence of a general obligation by the Appeals Council to make findings does not insulate this case [involving a Medicaid decision] from remand."); Blount v. Astrue, No. 4:10-CV-97-D, 2011 WL 5038367, at *4-5 (E.D.N.C. Sept. 14, 2011) (unpublished), Report and Recommendation adopted by 2011 WL 5042063 (E.D.N.C. Oct. 24, 2011) (unpublished).

The court will therefore order remand under sentence four of 42 U.S.C. § 405(g).

Defendant's arguments to the contrary are not persuasive. They amount to after the fact agency explanation as to why the Appeals Council was obliged to reject or discount the NCDHHS decision in the first instance.[7] (Def.'s Mem. in Supp. of Mot. for J. on the Pleadings (Doc. 14) at 5-10.) This begs the question though, because assessing the probative value of competing evidence is the role of the fact finder and this court is not authorized to undertake the analysis in the first instance. See Dobbin, 2016 WL 4250338, *4. Consequently, the

---

[7] Any argument that the NCDHHS decision is too conclusory to warrant meaningful review and explanation is also unpersuasive. See, e.g., Gaskins v. Colvin, Civil Action No. 3:12-CV-81, 2013 WL 3148717, at *3-4 (N.D. W. Va. June 19, 2013) (unpublished) (holding that even if the evidence of the Medicaid decision is "conclusory," "the Social Security Administration's own internal policy interpretation rulings affirmatively require[] the ALJ to consider evidence of a disability decision by another governmental agency," and these regulations "do not limit the required review of other agency's disability determinations to cases where the decision is substantive" because "to the extent that Medicaid decisions employ the same standards as the Social Security Administration uses in disability determinations, such decisions are probative in situations such as the instant one where an agency has applied the same rules yet reached the opposite result from the Social Security Administration") (internal quotation marks, citations, and brackets omitted).

court concludes that the agency's failure to adequately explain itself on this issue warrants remand.[8]

None of this necessarily means that Plaintiff is disabled under the Act and the undersigned expresses no opinion on that question. Nevertheless, in light of all of the above, the undersigned concludes that the proper course here is to remand this matter for further administrative proceedings. Finally, the undersigned declines consideration of the additional issues raised by Plaintiff at this time. Hancock v. Barnhart, 206 F. Supp. 2d 757, 763-64 n.3 (W.D. Va. 2002) (on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Commissioner's decision finding no disability is **REVERSED**, and that the matter is **REMANDED** to the Commissioner under sentence four of 42 U.S.C.

---

[8] Language in Baker v. Comm'r of Soc. Sec., 520 F. App'x 228 (4th Cir. 2013), does not dictate a contrary result. A footnote in that decision, a one-paragraph summary affirmance of a district court's ruling upholding a denial of supplemental security income and disability insurance benefits, merely quotes and relies on the principle that "'[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g).'" Id. at n* (quotation omitted). However, Baker is unreported and not binding precedent, and it does not address the Fourth Circuit's published and therefore binding opinion in Bird. See Dobbin, 2016 WL 4250338, at *6.

§ 405(g). The Commissioner is directed to remand the matter to the ALJ for further proceedings consistent with this Memorandum Opinion and Order. To this extent, the Commissioner's Motion for Judgment on the Pleadings (Doc. 13) is **DENIED** and Plaintiff's Motion for Judgment (Doc. 10) is **GRANTED.** To the extent that Plaintiff's motion seeks an immediate award of benefits, it is **DENIED.**

This the 19th day of March, 2018.

_____
United States District Judge